MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ANDREW P. CAPUTO (CABN 203655)
BRIGID MARTIN (CABN 231705)
Assistant United States Attorneys
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: andrew.caputo@usdoj.gov
    E-Mail: brigid.martin@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-0677 CW |
| ) | |
| Plaintiff, ) | UNITED STATES'S SENTENCING |
| ) | MEMORANDUM |
| v. ) | |
| ) | Date: March 11, 2013 |
| EMORU OBBANYA, ) | Time: 2:00 p.m. |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Emoru Obbanya has pleaded guilty to possessing a firearm in the form of components from which a destructive device may be readily assembled, in violation of 26 U.S.C. § 5861(d), and to possessing a firearm not identified by a serial number, in violation of 26 U.S.C. § 5861(i). He entered his guilty pleas pursuant to a Rule 11(c)(1)(C) plea agreement that provides for a sentence of 27 months in custody, three years of supervised release, and a $200 special assessment. The United States respectfully asks the Court to sentence defendant in accordance with the plea agreement.

U.S. SENT. MEM.
CR 11-0677 CW

**FACTS**

On the afternoon of July 18, 2009, police officers arrived at the residence at 976 Grizzly Peak Boulevard in Berkeley to investigate a 911 hang-up call. The officers knocked in the residence door. Defendant eventually came to the door and behaved in a verbally combative manner toward the officers. Believing there might be someone in the residence in immediate need of aid, the officers entered the home and found in plain view firearm ammunition, gun-cleaning solvent, and other gun-related materials. The officers left the residence and sought and obtained a state search warrant, since defendant was barred by state law from possessing a firearm due to a prior misdemeanor conviction for drawing a deadly weapon. When the officers searched the home pursuant to the warrant, they found in defendant's bedroom a loaded firearm – specifically a flare gun that had been converted into an operable .38 caliber handgun. The firearm bore no serial number and had not been registered, and defendant had not applied for or received permission from ATF to make the gun. In addition to finding the firearm and .38 caliber ammunition for the firearm, the searching officers discovered numerous bomb-making materials in defendant's bedroom, including what they believed to be a homemade explosive known as TATP. Fearful that the explosive might explode, the officers cleared the house and brought in the bomb squad, who removed the explosive with a robot and destroyed it. Presentence Report ("PSR") ¶¶ 6-11.

Defendant was charged with firearms and explosives charges in state court. While those state charges were pending, a federal grand jury indicted him in September 2011 on a charge of possessing a firearm not identified by a serial number, in violation of 26 U.S.C. § 5861(i). After being arrested by federal agents on that federal charge, defendant waived his Miranda rights and spoke with agents. He admitted to converting the flare gun into an operable handgun and to experimenting with explosives. He told the agents he had been considering killing himself with the converted pistol and/or the explosives. One advantage he saw in the explosives, he said, was their capacity to destroy his body completely. In March 2012 the grand jury returned a superseding indictment charging defendant with additional crimes. Count one of the superseding indictment charged defendant with possession of a firearm in the form of components from

which a destructive device may be readily assembled, in violation of 26 U.S.C. § 5861(d). Count four of the superseding indictment carried forward the charge from the original indictment of possessing a firearm not identified by a serial number, in violation of 26 U.S.C. § 5861(i).

In September 2012, defendant entered guilty pleas to counts one and four of the superseding indictment. He admitted to possessing explosive components and the converted .38 caliber handgun. He now appears for sentencing.

**ARGUMENT**

I.     The PSR Accurately Specifies the Guidelines Range.

Defendant's crimes carry a final, adjusted offense level of 18. Id. ¶ 31. He is in criminal history category II. Id. at Sentencing Recommendation.[1] Accordingly, the applicable guidelines range is 30-37 months. Id. ¶ 66.

II.    The 27-Month Sentence Specified in the Plea Agreement is Reasonable,

Defendant committed serious crimes. In particular, his experimentation with explosives and possession of explosive components could have killed or injured himself, members of his family, his neighbors, or anyone else who came near those materials, including the law enforcement officers who responded to his home. Also troubling is his construction and possession of a working handgun, particularly since he was barred under state law from possessing any firearms as a result of his prior conviction for drawing a deadly weapon.

Other considerations also have informed the sentence that the government considers reasonable here. Defendant appears to have been making explosives and possessing a pistol not with the goal of harming others but with the apparent intention of harming himself, as a consequence of his mental health issues. Defendant's mental health issues also may have affected the timing of his decision to plead guilty, which occurred after the government had withdrawn the third point for acceptance of responsibility. Had the government not withdrawn

---

[1] The PSR's Sentencing Recommendation and paragraph 66 correctly specify defendant's criminal history category as II, but paragraph 36 contains a typographical error specifying the criminal history category as I. The government requests that the probation office amend the PSR to correct the typographical error in paragraph 36.

U.S. SENT. MEM.
CR 11-0677 CW                              3

1 the third acceptance point, his guidelines range would be 27-33 months.

2 In light of all these considerations, a sentence of 27 months seems sufficient but not greater than necessary to meet the sentencing purposes established under 18 U.S.C. § 3553.  We respectfully ask the Court to impose such a sentence, in accordance with the plea agreement.

## CONCLUSION

The United States respectfully asks the Court to accept the plea agreement and sentence defendant to imprisonment for 27 months, three years of supervised release, and a $200 special assessment.

DATED: March 4, 2013                    Respectfully submitted,

                                        MELINDA HAAG
                                        United States Attorney

                                        _____/s/_____
                                        ANDREW P. CAPUTO
                                        BRIGID MARTIN
                                        Assistant United States Attorneys