STEVEN G. KALAR
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94607
Telephone: (510) 637-3500

Counsel for Defendant OBBANYA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMORU OBBANYA, ) <br> ) <br> Defendant. ) <br> ) <br> ) | No. CR 11-00677 CW <br><br> DEFENDANT'S SENTENCING MEMORANDUM <br><br> Date: March 11, 2013 <br> Time: 2:00 p.m. |

## INTRODUCTION

On September 17, 2012, defendant Emoru Obbanya pled guilty to violations of 26 USC §5861(d) - possession of a firearm in the form of components from which destructive device may be readily assembled (count one) and 26 USC §5861(I) - possession of a firearm not identified by a serial number (count four). He will be sentenced on March 11, 2013. The guilty plea was pursuant to a Rule 11(c)(1)( C) agreement in which the parties have agreed that the appropriate sentence in this case is 27 months custody, to be followed by 3 years of supervised release. Mr. Obbanya asks the Court to sentence him to 27 months custody consistent with the plea agreement. He submits this sentencing memorandum in support of his request.

//

# DISCUSSION

**A Sentence of 27 months custody is appropriate in this case**

The Supreme Court has made it clear that the Guidelines are now neither mandatory nor presumed reasonable. *United States v. Booker*, 543 U.S. 220 (2005); *see also Pepper v. United States*, 131 S. Ct. 1229, 1245 (2011); *Nelson v. United States*, 555 U.S. 350, 129 S. Ct. 890, 892 (2009); *Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85, 90-91 (2007); *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). After *Booker*, district courts at sentencing have an "overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper*, 131 S. Ct. at 1242. In this case, a review of the relevant §3553(a) factors underscores the sufficiency of the recommended sentence of 27 months custody.

Under 18 U.S.C. §3553(a), the nature and circumstances of the offense is a relevant factor which the Court should consider. In this case, Emoru Obbanya possessed explosive materials and an unregistered gun because he was depressed and contemplated using these materials in order to kill himself. PSR ¶¶11, 15. The items seized were kept primarily in a locked footlocker in Mr. Obbanya's bedroom or in his closet. *Id*. at ¶¶10, 11. Mr. Obbanya acknowledges that the offense is serious, particularly because the explosive materials were unstable and could have caused harm or death not only to himself but also to others nearby. In mitigation, as the government acknowledges in its sentencing memorandum, Mr. Obbanya suffers from mental health issues and his intent in possessing these items was to harm himself, not others. United States Sentencing Memorandum at p. 3. And while the offense is undisputedly serious, the consequences suffered by Mr. Obbanya as a result of his actions are equally serious. Mr. Obbanya voluntarily pled guilty to felony offenses and, in doing so, has forfeited a number of substantial rights and privileges. In addition to serving more than two years in custody, Mr. Obbanya will also be supervised by a probation officer for an additional three years. Furthermore, Mr. Obbanya will feel the effects of his actions long after his

sentence is completed. He will forever be a convicted felon. And it will always be more difficult for him to find gainful employment, housing and other necessities with a felony record. Given the nature and circumstances of the offense, a sentence of 27 months is appropriate.

The history and characteristics of Emoru Obbanya is another factor for the Court to consider in determining whether the requested sentence is sufficient. Mr. Obbanya is a 31 year old man who was living with his parents at the time of the offense. Mr. Obbanya, who earned his GED and also took some college classes, is described by his father as "very bright" and "quiet."[1]  PSR  ¶¶42, 54.

Unfortunately, life has not been easy for Mr. Obbanya. He was raised by immigrant parents, and suffered from depression and other mental health issues growing up. *Id*. at ¶¶42, 50. There was a period of time when he would engage in self-inflicted cutting starting at around 14 years old and continuing until his early 20's. *Id*. at ¶45. He intermittently thought of suicide. *Id*. at ¶50. He experimented with drugs. *Id*. at ¶¶52, 53. He struggled at work. *Id*. at ¶¶58-61. He briefly joined the military but received an administrative separation just one month later. *Id*. at ¶56. He ultimately committed the offenses in this case out of a sense of hopelessness and despair as he experimented with plans to end his own life. Emoru was arrested after he mis-dialed his father's 918 telephone number and accidently called 911 which resulted in a search of his parents' home and seizure of the contraband. Emoru was released from custody and remained out of custody for a long period of time. He was remanded in September, 2012.

Since he's been in custody, Emoru's perspective has shifted and his parents have noticed positive changes and a sense of direction which may not have been present beforehand. *Id.* at ¶42. He has expressed an interest in pursuing a degree in Information Technology after his release from custody. *Id*. at ¶44. In the past, Mr. Obbanya enjoyed building computers which is why, during the search of his parents' house, a number of computer hard drives were seized. *Id*. at ¶11. Mr.

---

[1] Mr. Obbanya's father also stated that Emoru always enjoyed taking apart and rebuilding things and that his possession of the explosive materials in this case was possibly no different. *Id.* at ¶43.

*US v. Obbanya,* CR 11-00677 CW;
Sentencing Memorandum                             -3-

Obbanya also taught himself computer programing when he was out of custody. According to his parents, Mr. Obbanya now appears to have greater direction regarding his outlook about life and career plans. *Id*. at ¶42. Mr. Obbanya is a smart and capable individual. Given his history and characteristics, the agreed upon sentence of 27 months custody is appropriate.

Finally, 18 U.S.C. §3553 provides that the Court shall consider the need for a sentence to promote respect for the law, provide just punishment for the offense and afford adequate deterrence to criminal conduct. 18 U.S.C. §3553(a)(2)(A) and (B). The Court also is required to consider the need to provide a defendant with needed educational or vocational training or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2)(D). A sentence of 27 months custody meets these objectives. Mr. Obbanya has demonstrated his respect for the law through his lack of serious criminal history and years of law abiding behavior. In addition, his crimes in this case relate to a misguided plan to harm or kill himself rather than any intent to harm or kill others. Given all the circumstances of this case, a sentence of 27 months promotes respect for the law and provides just punishment. It also affords adequate deterrence. His conviction and time in custody has been a powerful deterrent to Mr. Obbanya. He will not be before the Court again. He has strong family support which will assist him in the future. All of the §3553 factors indicate that a sentence of 27 months in this case is appropriate.

**CONCLUSION**

For all of the reasons described above, Mr. Obbanya respectfully asks the Court to sentence him to 27 months custody, 3 years of supervised release and $100 special assessment.

Dated: March 7, 2013

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

/s/

JOYCE LEAVITT
Assistant Federal Public Defender

*US v. Obbanya,* CR 11-00677 CW;
Sentencing Memorandum                -4-